# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| RICHEKAD JEAN, | * | |
| | * | |
| Petitioner, | * | CIVIL ACTION NO.: 5:20-cv-60 |
| | * | |
| v. | * | |
| | * | |
| TRACY JOHNS, | * | |
| | * | |
| Respondent. | * | |

### O R D E R

After an independent and de novo review of the entire record, the Court concurs with the Magistrate Judge's Report and Recommendation. Dkt. No. 18. Petitioner Richekad Jean ("Jean") filed Objections to this Report and Recommendation. Dkt. No. 21.

In his Objections, Jean contends he told Disciplinary Hearing Officer ("DHO") Perry before the disciplinary hearing he was suffering from emotional distress and high anxiety. Id. at p. 1. Jean also contends DHO Perry told him if he did not go forth with the hearing, he would have to remain in administrative detention because DHO Perry could do nothing for

Jean. Id. at p. 2. Further, Jean states he was not examined by mental health staff. Id.

In his original filing, Jean asserted he is under psychiatric care and suffers from several psychological defects. Dkt. No. 1, p. 4. Jean did not include the specific assertions from his Objections in his original filing. Even if he had, Jean has not shown DHO Perry violated 28 C.F.R. § 541.6 or Program Statement 5270.09. As the Magistrate Judge observed, DHO Perry had no evidence indicating Jean did not understand the nature of the disciplinary proceedings, could not assist in his own defense, or appeared mentally ill at any stage during the disciplinary proceedings. Dkt. No. 18, p. 12 (citing Dkt. No. 11-1, p. 4). Thus, DHO Perry had no duty to consult with mental health staff under § 541.6 and Program Statement 5270.09. Additionally, the Magistrate Judge noted Jean presented no "demonstrated evidence" relating to his mental state at the time of the incident to render Jean actually innocent of the charged offense. Dkt. No. 18, p. 13.

Further, even if Jean's new assertions were made known to DHO Perry prior to the disciplinary hearing, Jean presents nothing indicating he exhibited evidence of mental illness at the time of the disciplinary hearing. See Dkt. No. 21-4, p. 4; Dkt. No. 21-5, p. 2 (showing, from documents dated after the disciplinary proceedings, Jean was diagnosed with anxiety and

AO 72A
(Rev. 8/82)

depression and was in a mental health current care assignment in February 2018 but never took medication or been treated because "there was no need[]"). To be clear, the Court has considered the assertions and documents submitted in support of Jean's Objections, but the assertions and documents lend no support to Jean's seeming contention he appeared mentally ill at the time of the disciplinary hearing. What is more, even if Jean had exhibited signs of being mentally ill at that time, at most, Jean has shown a violation of a Program Statement and a Regulation. The Magistrate Judge correctly determined any such violation—if it existed—was not a due process violation. Dkt. No. 18, p. 13.

Accordingly, the Court **OVERRULES** Jean's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. The Court **GRANTS in part** and **DENIES in part** Respondent's Motion to Dismiss. Dkt. No. 11.

**SO ORDERED**, this __22__ day of __March__, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)