IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| RICHEKAD JEAN,<br><br>      Petitioner,<br><br>      v.<br><br>TRACY JOHNS,<br><br>      Respondent. | CIVIL ACTION NO.: 5:20-cv-60 |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Richekad Jean ("Jean"), who is currently incarcerated at the North Lake Correctional Facility in Baldwin, Michigan, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus while he was housed at D. Ray James Correctional Facility in Folkston, Georgia.  Doc. 1.  Respondent filed a second Motion to Dismiss, Jean filed a Response, and Respondent filed a Reply.  Docs. 19, 22, 26.  For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY as moot** Jean's § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Jean leave to proceed *in forma pauperis* on appeal.

**BACKGROUND**

Jean is currently serving an aggregate 57-month federal sentence imposed by the District Court for the Southern District of Florida based on his convictions for conspiracy to commit wire fraud, wire fraud, receiving, concealing, and retaining monies over $1,000 from the United States, and aggravated identity theft, in violation of 18 U.S.C. §§ 1343, 1349, 641, and 1028.  Doc. 1 at 1; Doc. 1-11 at 9–10.  He has a projected release date of August 8, 2021, via good

conduct release. Doc. 26 at 4; Doc. 26-1 at 3. As relevant here, and as a result of disciplinary proceedings based on a Code 203 charge for threatening another with bodily harm, Jean was sanctioned with the loss of 108 days' good conduct time (27 days' good conduct time and 81 days' non-vested good conduct time). Doc. 1-4 at 5; Doc. 11-1 at 16. Jean seeks the expungement of his disciplinary violations and the vacatur of the charges. Doc. 1 at 6.

## DISCUSSION

Respondent filed his first motion to dismiss and asserted Jean received all process he was due during disciplinary proceedings, the finding of guilt was supported by the greater weight of evidence, the Bureau of Prisons ("BOP") has the authority to allow contract facility employees to conduct disciplinary hearings and impose sanctions, and the BOP's alleged failure to follow its own policy is not grounds for habeas relief. Doc. 11. I recommended the Court grant the majority of Respondent's motion but also recommended the Court deny the portion of Respondent's motion as to whether a non-BOP employee had the authority to impose sanctions against Jean. Doc. 18 at 3–6. The Honorable Lisa Godbey Wood adopted this Recommendation as the opinion of the Court. Doc. 25.

In his current Motion to Dismiss, Respondent addresses the remaining portion of Jean's Petition and states the BOP determined it was appropriate to drop the disciplinary charge against Jean in light of the Report and Recommendation. Doc. 19 at 2. Respondent notes the charges have been dropped and will not be re-heard, and the BOP expunged Jean's disciplinary sanctions and restored all good conduct time lost as a result of these disciplinary proceedings. Id. Respondent states Jean's projected release date is now August 8, 2021, rather than the earlier projected release date of August 25, 2022. Id. (citing Doc. 19-1 at 3, 5). Thus, Respondent argues Jean's Petition is now moot because he has been given all relief he requested.

Jean responds he does not understand how an appeal through the administrative remedies process could be denied and now "approved." Doc. 22 at 1. In addition, Jean asserts he did not receive the 108 days' good conduct time which were taken from him, only 18 days' credit. Id. (citing Doc. 22-2 at 2 (sentencing computation as of Jan. 18, 2021)).

Respondent argues Jean's projected release date is August 8, 2021, and he has had all good conduct time he lost as a result of the disciplinary proceedings restored. Doc. 26 at 3. Respondent notes Jean's record has been expunged, and he is not entitled to any additional good conduct time. Id. at 3–4.

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'" Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014). This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id. There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). Regarding the mootness strand, the United States Supreme Court has made clear "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear the controversy 'must be extant at all stages of

review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). "Events which occur subsequent to the filing of a petition may render the matter moot." Johnson v. Glover, No. 1:04-CV-413, 2006 WL 1008986, at *1 (M.D. Ala. Apr. 18, 2006) (citing Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 350 (D.C. Cir. 1997)).

Here, Jean requests the charges against him be vacated and expunged.  Doc. 1 at 6; Doc. 14 at 4.  Jean was provided with his requested relief, doc. 19-1 at 3, and he does not dispute this.  To the extent Jean raises any opposition to the Motion to Dismiss, it is based on his claim he has not had 108 days' good conduct time restored to him.  Doc. 22 at 1; Doc. 22-2 at 2.  However, Jean's objection is misplaced.  At the time sanctions were, Jean only had 18 days of good conduct time to revoke.  Doc. 26-1 at 2, 5.  Although Jean was sanctioned with the loss of 27 days' good conduct time and the forfeiture of 81 days' non-vested good conduct time, he could not receive credit for the entire time, or 108 days' credit, he seeks.  Id. at 3.[1]  Jean has received all his requested relief, and there is no longer a "live controversy" over which the Court can give meaningful relief.  Friends of Everglades, 570 F.3d at 1216.  Thus, Jean's Petition is moot.

---

[1] A Code 203 violation is a "high severity level prohibited act," and such a violation can result in the "forfeit[ure] and/or withhold[ing of] earned statutory good time or non-vested good conduct time up to 50% or up to 60 days, whichever is less, and/or terminate or disallow extra good time . . . ." or the disallowance of "ordinarily between 25% and 50% (14–27 days) of good conduct time credit available for a year . . . ." Program Statement 5270.09, https://www.bop.gov/policy/progstat/5270.90_cn1.pdf (last visited Apr. 14, 2021).  An inmate may receive up to 54 days' good conduct time for each full year served on a sentence over one year, with that credit being prorated for the last partial year.  The BOP makes a distinction between vested and non-vested good conduct time, and there appears to be no "right" to non-vested time.  Program Statement 5880.28, https://www.bop.gov/policy/progstat/5880_028.pdf (last visited Apr. 14, 2021).  Respondent, in his Reply, now demonstrates Jean has been provided with all the time which was actually taken from him.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY as moot** Jean's § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Jean leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 14th day of April, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA